# UNITED STATES DISTRICT COURT

for the

MIDDLE DISTRICT of PA

FILED
SCRANTON
MAR 0 5 2020
PER _____
DEPUTY CLERK

Narat Kim,
    Plaintiff,

v.

Rick Davis Correctional Activities Specialist,
William Gray Correctional Activities Manager,
Mark Garman Facility Manager,
    Defendants.

**COMPLAINT**

Civil Action No. 3:20-CV-0384

## I. JURISDICTION & VENUE

1.    This is a civil action authorized by 42 U.S.C Section 1983 to redress the deprivation, under the color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under the 28 U.S.C. Section 1331 and 1334(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claim for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2.    The middle district of Pennslyvania is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it was where the event giving rise to this claim ocurred.

## II. PLAINTIFF

3.  Plaintiff Kim is and was at all times mentioned herein a prisoner of the state of Pennslyvania in the custody of the Pennslyvania Department of Corrections. He is currently confined in the State Correctional Institute at Rockview, in Bellefonte, Pennslyvania.

## III. DEFENDANTS

4.  Defendant Davis is a staff member of the Pennslyvania Department of Corrections who at all times mentioned in this complaint, held the rank of Correctional Activities Specialist and was assigned to the State Correctional Institute at Rockview.

5.  Defendant Gray is a staff member of the Pennslyvania Department of Corrections who at all times mentioned in this complaint, held the rank of Correctional Activities Manager and was assigned to the State Correctional Institute at Rockview.

6.  Defendant Garman is the Facility Manager at the State Correctional Institute at Rockview. He is legally responsible for the operation of the State Correctional Institute at Rockview and for the welfare of all the inmates of that prison.

7.  Each Defendant is sued individually and in his offical capacity. At all times mentioned in this complaint each Defendant acted under the color of state law.

## IV. FACTS

8.  Plaintiff was employed at the activities department of the prison and was part of the powerlifting community as a spotter-loader.

9. On September 4th, 2019 during a powerlifting session, Plaintiff was struck on the back of the head and neck area while he was working out.

10. After realizing that it was Defendant Davis who was the person who struck the Plaintiff, the Plaintiff approched Defendant Davis, who was also Plaintiff's work boss, to tell him not to do it again.

11. As Plaintiff was walking away Defendant Davis aggressively approached Plaintiff to yell at, cuss at and berate the Plaintiff for speaking up about the assault.

12. Plaintiff responded to Defendant Davis by telling him " I don't care " and " don't put your hands on me ".

13. Defendant Davis sadistically and maliciously assaulted, humiliated and embarrassed Plaintiff in front of the whole powerlifting community.

14. After the powerlifting session, Plaintiff went into the activities office to inform Defendant Gray that he had a " falling out " with Defendant Davis.

15. Later that day while Plaintiff was at work, handing out workout equipment, he was pulled aside by Defendant Davis who led him into the activities classroom and was informed that he was " done " with powerlifting and work and to return to his housing unit.

16. Plaintiff was not given the opportunity to switch work crews and did not ask to be placed on job suspension.

17. On September 5th, 2019 Plaintiff made an abuse complaint against Defendant Davis.

18.     On September 6th, 2019 Plaintiff was called down to the security office to make a statement.

19.     On October 10, 2019 with the aid of camera footage and witness interviews, the allegation of abuse was substantiated by the bureau of investigations and intelligence.

## V. INJURIES

20.     On September 5th, 2019 following abuse procedures, Plaintiff was escorted to the medical building to record his physical condition. Plaintiff complained of stiffness and soreness in the neck area.

21.     Medical staff noted the absence of any bruising or swelling and informed him to use the sick call procedures if the pain persist.

22.     Plaintiff self-medicated his pain with over the counter medication purchased through the prison's commissary but when muscle spasms started to occur, Plaintiff requested a sick call visit where he was prescribed flexerol and acetaminophen by the medical staff.

## VI. LEGAL CLAIMS

23.     Plaintiff reallege and incorporate by reference paragraphs 1-22.

24.     Defendant Davis used excessive and unnecessary force against Plaintiff by striking him on the neck and head area when Plaintiff was not violating any prison rule and was not acting disruptively. Defendant Davis' action violated Plaintiff's rights under the Eighth Amendment to

the United States Constitution and caused Plaintiff pain, suffering, physical injury and emotional distress.

25.     By failing to supervise and act against Defendant Davis, who has a record of misusing force, the inactions of Defendants Gray and Garman led to the excessive force used against Plaintiff. Defendants Gray and Garman's Inaction also violated Plaintiff's rights under the Eighth Amendment to the United States Constitution and caused Plaintiff pain, suffering, physical injury and emotional distress.

26.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendants unless this court grants the declaratory and injunctive relief which Plaintiff seeks.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray that this court enter judgement:

27.     Granting Plaintiff a declaration that the acts and omissions described herein violated his rights under the Constitution and laws of the United States, and

28.     A preliminary and permanent injunction ordering Defendants Gray and Garman to cease the employment of staff with three or more abuse complaints.

29.     Granting Plaintiff compensatory damages in the amount of $100,000.00 against each Defendant, jointly and severally.

30.     Granting Plaintiff punitive damages in the amount of $100,000.00 against each Defendant, jointly and severally.

31.     Plaintiff also seeks a trial by jury on all issues triable by jury.

32. Plaintiff also seek recovery of the cost of this suit, and

33. Any additional relief this court deems just, proper, and equitable.

## VIII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

34. Plaintiff used the grievance procedure available at the State Correctional Institute at Rockview to try and solve the problem. On September 10th, 2019 Plaintiff presented the facts relating to this complaint. On October 23rd, 2019 Plaintiff was sent a response saying the grievance had been upheld in part and denied in part.

35. On November 11th, 2019. Plaintiff appealed the denial of the grievance to Defendant Garman, the Facility Manager. On December 2nd, 2019 Plaintiff was sent a response saying the appeal had been denied.

36. On December 4th, 2019 Plaintiff appealed the denial of the appeal to the Chief Grievance Officer. On December 24th, 2019 Plaintiff was sent a response saying the appeal had been upheld in part and denied in part, thus completing the grievance process.

## IX. PREVIOUS LAWSUITS

37. Plaintiff has filed no other lawsuits dealing with the same action or otherwise relating to his imprisonment.

## X. CERTIFICATION AND CLOSING

38. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint; (1) is not being presrnted for an improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation;

(2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: 2/29/2020

    Respectfully submitted,
    Narat Kim
    KK3470
    SCI Rockview
    1 Rockview PL   Box A
    Bellefonte, PA 16823

*Narat Kim*, Plaintiff