# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NARAT KIM, | : | Civil No. 3:20-0384 |
| Plaintiff, | : | |
| v. | : | |
| RICK DAVIS, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Plaintiff's motion for appointment of counsel in this matter in which he alleges he was assaulted by a prison employee who has a history of misusing force against inmates. (Doc. 4.) Plaintiff's motion for counsel will be denied without prejudice.

### **Relevant Background and Procedural History**

Narat Kim, proceeding self-represented, filed this action while housed at the Rockview (SCI-Rockview) State Correctional Institution in Bellefonte, Pennsylvania. (Doc. 1.) He names the following SCI-Rockview employees as Defendants: Superintendent Mark Garman; Correctional Activities Manager William Gray; and Corrections Activities Specialist Rick Davis.

According to the allegations in Kim's complaint, in September 2019, Kim was assigned to the institution's activities department and "was part of the powerlifting community as a spotter-loader." (Doc. 1 at ¶ 8.) On September 4,

2019, during a power lifting session, Defendant Davis struck Kim "on the back of his head and neck". (*Id*. at ¶ 9.) Following the incident Kim advised Plaintiff Gray of his "falling out" with Defendant Davis. (*Id*. at ¶ 14.) Later that day when Kim returned to work, Defendant Davis fired him and told him to return to his housing unit. (*Id*. at ¶ 15.)

After Kim filed an abuse complaint against Defendant Davis, he was evaluated by medical staff and interviewed by the security office. (*Id*. at ¶ 16-20.) Although no bruising or swelling was noted, Kim was prescribed Flexeril and acetaminophen by medical staff for his neck stiffness. (*Id*.) On October 10, 2019, "with the aid of camera footage and witness interviews," Kim's allegations of abuse were substantiated. (*Id*. at ¶ 19.)

Kim asserts an excessive use of force claim against Defendant Davis and alleges Defendants Garman and Gray failed to protect him from Defendant Davis who has a history of "misusing force." (*Id*. at ¶¶ 24 – 25.) As relief, he seeks monetary and injunctive relief in the form of a program to dismiss employees who accrue "three or more abuse complaints." (*Id*. at ¶¶ 27 – 33.)

## DISCUSSION

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see*

*Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019). The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that the plaintiff's case has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the court finds that the plaintiff has crossed this threshold inquiry, the court should consider the following factors in deciding whether to request a lawyer to represent an indigent plaintiff:

 (1) the plaintiff's ability to present his or her own case;
 (2) the complexity of the legal issues;
 (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
 (4) the plaintiff's ability to retain counsel on his or her own behalf;
 (5) the extent to which a case is likely to turn on credibility determinations, and;
 (6) whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155-57. This list of factors is non-exhaustive, and no single factor is determinative. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)). Instead, these factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases." (*Id.*)

Kim has not made a threshold showing for the appointment of counsel in a civil case. He asserts that he needs counsel because (1) he is an indigent prisoner, (2) the complexity of the factual and legal issue in this case are beyond his ability to investigate and represent, (3) this case will likely involve conflicting testimony, and (4) his efforts to obtain *pro bono* counsel have thus far been unsuccessful. (Doc. 4.) However, Plaintiff must first demonstrate that his claim has some merit in fact and law. At this stage of the proceedings, and noting that service has yet to be effectuated on Defendants, it is not clear that Plaintiff is able to do so. Thus, appointment of counsel is not warranted at this time. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

For the above stated reasons, Kim's motion for appointment of counsel will be denied without prejudice. An appropriate order follows.

>   s/ Jennifer P. Wilson
>   JENNIFER P. WILSON
>   United States District Court Judge
>   Middle District of Pennsylvania

Dated: June 11, 2020